JAMES L. SCHUTZA
Retained Counsel
Bar No.: 17853600
7920 Belt Line Road, Suite 650
Dallas, Texas 75254
(972) 774-9400
(972) 231-3983 fax
jschutza@sbcglobal.net
C.241-4930

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | |
|---|---|
| In re | Bk. No. 15-43524-mxm13 |
| Linda Ish, | CHAPTER 13 |
| Debtor. | **MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| | Hearing Date: Nov. 8, 2018<br>Hearing Time: 9:30 a.m. |

PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.  ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT ELDON B. MAHON U.S. COURTHOUSE, 501 W. TENTH STREET, FT. WORTH, TX 76102-3643, BEFORE THE CLOSE OF BUSINESS ON NOVEMBER 2, 2018, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF.  A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE.  ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.

HSBC Bank USA, National Association, as Trustee for Carrington Mortgage Loan Trust Series 2007-HE1 Asset Backed Pass-Through Certificates, its assignees and/or successors in interest ("Movant" herein) alleges as follows:

1. The instant case is the fifth (5th) Chapter 13 proceeding filed by the debtor herein, detailed as follows:

| Case No. | Date Filed | Date Dismissed | Reason for Dismissal |
|---|---|---|---|
| 09-47542-rfn13 | 11/29/09 | 11/09/10 | Failure to make plan payments |
| 11-41267-rfn13 | 03/01/11 | 08/10/12 | Failure to make plan payments |
| 12-46094-dml13 | 11/05/12 | 10/29/13 | Failure to make plan payments |
| 13-45454-rfn13 | 12/02/13 | 02/02/15 | Failure to make plan payments |
| 15-43524-mxm13 | 09/01/15 | **PENDING** | |

2. Movant requests that this Court take judicial notice of these serial filings, pursuant to Federal Rule of Evidence Section 201.

3. Movant is the current payee of promissory note dated April 18, 2007 in the principal amount of $200,700.00 ("Note" herein) secured by a senior Deed of Trust of same date ("Deed of Trust" herein) upon property generally described as **4724 Pine Ridge Lane, Fort Worth, TX 76123** and legally described as set forth in the attached Deed of Trust ("Property" herein). (Copies of the Note and Deed of Trust are attached to the Affidavit as Exhibit "A" and made a part hereof.) Movant was assigned the beneficial interest in said Deed of Trust by an Assignment of Deed of Trust recorded April 27, 2012.

4. Carrington Mortgage Services, LLC services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant, directly or through an agent, has possession of the promissory note. Movant will enforce the promissory note as transferee in possession. Movant is the original mortgagee or beneficiary or the assignee of the Mortgage.

5. Movant is informed and believes, and, based upon such information and belief, alleges that title to the subject Property is currently vested in the name of Debtor(s).

6. Movant will seek leave of Court to specify any further encumbrances against the subject Property at the time of trial/hearing.

7. Debtor's Plan, which required direct payments to Movant, was confirmed on April 20, 2016. Debtor is in breach of the confirmed Plan.

8. As of October 9, 2018, the outstanding Obligations are:

| | |
|---|---|
| Unpaid Principal Balance | $223,943.09 |
| Unpaid, Accrued Interest | $22,384.17 |
| Escrow/Impound Required | $14,832.82 |
| Deferred Amounts | $ 117,622.77 |
| Fees Currently Assessed | $1,586.00 |
| Minimum Outstanding Obligations | $380,368.85 |

9. In addition to the other amounts due to Movant reflected herein, as of the date hereof, in connection with seeking the relief requested in the Motion, Movant has also incurred legal fees and costs. Movant reserves all rights to seek an award or allowance of such fees and costs in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

10. The following chart refers only to the number and amount of outstanding post-petition payments due pursuant to the terms of the Note. Any payments that have been or may be received post-petition are applied to the next contractual post-petition date.

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 4 | 6/1/16 | 9/1/16 | $1,418.73 | $5,674.92 |
| 7 | 10/1/16 | 4/1/17 | $1,421.64 | $9,951.48 |
| Less partial post-petition payments: | | | | ($0.00) |
| | | | | **Total: $28,210.38** |

11. A post-petition payment history is attached to the Affidavit as Exhibit "B" and incorporated herein by reference

12. Movant has elected to initiate foreclosure proceedings on the Property with respect to the subject Deed of Trust; however, Movant is precluded from proceeding to publish the necessary notices and commence said foreclosure action during the pendency of this Bankruptcy.

13. This Movant is informed and believes, and based upon such information and

belief, alleges that absent this Court's Order allowing this Movant to proceed with the pending foreclosure, Movant's security will be significantly jeopardized and/or destroyed.

14. Based upon the foregoing, Movant alleges that it is not adequately protected, that the subject Property is not necessary to effectuate Debtor's rehabilitation, and that it would be unfair and inequitable to delay this Movant in the foreclosure of Movant's interest. Movant urges that this Court issue an Order herein permitting this Movant to proceed to a Foreclosure Sale of the Property, including necessary action to obtain possession of the Property.

15. Tim Truman has been appointed by this Court as the Chapter 13 Trustee in this instant Bankruptcy proceeding. By virtue of his position as Trustee of the estate of Debtor herein, he holds title to the subject Property in that capacity. To the extent the relief sought herein is granted, Tim Truman, Trustee, is bound by any such judgment.

16. The commercially reasonable value of the Property is approximately $183,900.00, as indicated in the Debtor's Schedules A/B & D, attached to the Affidavit as Exhibit "C" and incorporated herein by reference

17. This Court has jurisdiction of this action pursuant to the provisions of Title 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. § 362(d).

WHEREFORE, Movant prays judgment as follows:

1.) For an Order granting relief from the Automatic Stay, permitting this Movant to move ahead with foreclosure proceedings under Movant's Deed of Trust, and to sell the subject Property under the terms of said Deed of Trust, including necessary action to obtain possession of the Property.

2.) In the alternative, for an Order requiring:

a) the Debtor to reinstate and maintain in a current condition all obligations due under all of the Deed of Trusts encumbering the subject Property, including Movant's Deed of Trust, and including tax/insurance obligations, and reimbursement to Movant of any sums advanced on behalf of Debtor in order to protect Movant's interest in the subject

Property; and

b) allowing this Movant to proceed with a Foreclosure Sale of the Property and obtain possession thereof, upon the failure of Debtor to maintain the above-referenced payments in a current status.

3.) For such Order regarding adequate protection of Movant's interest as this Court deems proper.

4.) For attorneys' fees and costs of suit incurred herein.

5.) For an Order waiving the 14-day stay described by Bankruptcy Rule 4001(a)(3).

6.) For an Order that, in addition to foreclosure, permits activity necessary to obtain possession of said collateral; therefore, Movant is permitted to engage in loss mitigation activity, including short payoff, short sale and the obtaining of a deed-in-lieu of foreclosure including authorization to negotiate inferior liens. Movant is further permitted to send information regarding these loss mitigation options directly to the debtor.

7.) For such other relief as this Court deems appropriate.

Dated: 10/19/2018     By: /s/ James L. Schutza
                       JAMES L. SCHUTZA
                       Retained Counsel
                       Bar No.: 17853600
                       7920 Belt Line Road, Suite 650
                       Dallas, Texas 75254
                       (972) 774-9400
                       (972) 231-3983 fax
                       jschutza@sbcglobal.net

Of Counsel
Prober & Raphael, A Law Corporation
Attorneys for Movant
P. O. Box 4365
Woodland Hills, California 91365-4365
(818) 227-0100
C.241-4930

## CERTIFICATE OF CONFERENCE

Movant certifies that prior to filing this motion for order granting relief from automatic stay, an attempt was made to confer with the Debtor's counsel by telephone by the following person on the following date and time: I, Bonni S. Mantovani, of Prober & Raphael, ALC, Movant's California counsel, spoke with Dan, an assistant to debtor's counsel Alice Bower, on October 17, 2018 at 3:15 P.M. PST. An agreement could not be reached.

/s/ Bonni S. Mantovani
Attorney for Movant

CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing instrument has been furnished by the Court's CM/ECF system or U.S. MAIL on the same date that this instrument is filed with the Court to:

Linda Ish
4724 Pine Ridge Lane
Fort Worth, TX 76123
Debtor

Alice Bower
Law Office of Alice Bower
6421 Camp Bowie Blvd
Suite 300
Fort Worth, TX 76116
Debtor's Attorney

Tim Truman
6851 N.E. Loop 820, Suite 300
N Richland Hills, TX 76180
Chapter 13 Trustee

U.S. Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242-1496

All other parties on the electronic service list

Dated: 10/19/2018        /s/ James L. Schutza
                             JAMES L. SCHUTZA